```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


ANNIE BROWN-WOODS, et al.,      )
                                )
            Plaintiffs,         )
                                )
       v.                       )        No. 4:10CV615-DJS
                                )
SAFECO INSURANCE COMPANY OF     )
ILLINOIS,                       )
                                )
            Defendant.          )
```

## ORDER

Now before the Court is plaintiffs Annie Brown-Woods ("Brown-Woods") and Charles Woods' ("Woods") motion to remand this action to the Circuit Court of the City of St. Louis, Missouri [Doc. #8]. The motion is ripe for disposition.

### Background

Plaintiffs, Missouri residents, filed this action against defendant Safeco Insurance Company of Illinois in state court in the City of St. Louis, Missouri in March 2010. Defendant is an Illinois corporation with its principal place of business in Washington. Plaintiffs allege that defendant breached a contract of insurance when it did not pay plaintiffs' claims under their uninsured and underinsured motorists coverages. Plaintiffs' insurance claims arise out of an automobile accident allegedly involving a phantom driver, in which Brown-Woods was allegedly severely injured. Brown-Woods seeks stacked policy limits of

$200,000.00, statutory damages for vexatious refusal to pay, and attorney's fees.  Woods seeks in excess of $25,000.00 for loss of consortium.

In April 2010, defendant removed plaintiffs' action to federal court, asserting that, the Court has diversity jurisdiction over the action.  Plaintiffs now move to remand the case to state court, arguing that the Court lacks diversity jurisdiction.

**Discussion**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction.  See 28 U.S.C. § 1441(b).  The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.  In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  Id.

A claim may be removed only if it could have originally been brought in federal court.  Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996).  Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Under that statute, complete diversity of citizenship between the plaintiffs

and defendant must exist, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs.

Plaintiffs argue that this case should be remanded to state court because the Court lacks diversity jurisdiction. Their first argument in favor of remand is that there is not complete diversity of citizenship between the parties. They indicate that they purchased their Safeco insurance policy from Bowersox Insurance Agency Company ("Bowersox"), which is a Missouri corporation with its principal place of business in Missouri. They argue that Bowersox is a subsidiary of defendant, and because the subsidiary is a Missouri resident, diversity is lacking.

Plaintiffs' argument relies on its claim that Bowersox is a subsidiary of Safeco. Specifically, plaintiffs claim that Safeco and Bowersox "operate as a consolidated corporation in the City of St. Louis, State of Missouri." Doc. #9, p. 4. Plaintiffs' only evidence supporting this claim is that Bowersox is listed on plaintiffs' insurance policy as the agent. Essentially, plaintiffs ask the Court to assume that an insurance agency is a subsidiary company of an insurer for whom it placed coverage. Defendant responds to this claim with the affidavit of one of its officers, who testifies that Safeco does not own or control Bowersox. The Court finds that defendant is not the parent company of Bowersox and that defendant has carried its burden of establishing complete diversity of citizenship between the parties.

Assuming, for the sake of argument, that Bowersox is a subsidiary of Safeco, plaintiffs' argument still fails. It is well-settled that a parent corporation and its subsidiary cannot be treated as identical, or equivalent entities, for jurisdictional purposes. Everett v. Franciscan Sisters Healthcare, Inc., 882 F.2d 1383, 1388 (8th Cir. 1989) (disregarding subsidiary company when considering parent company's motion to dismiss).

Plaintiffs also argue that Safeco is deemed to be a citizen of the state of which its insured is a citizen under 28 U.S.C. § 1332(c)(1). If that were true in this case, Safeco would be deemed to be a citizen of Missouri, and diversity would be lacking. Section 1332(c)(1) provides: "In any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen." A "direct action" under § 1332(c)(1) refers to actions authorized by statutes in some states, in which an injured party can sue a tortfeasor's insurer without joining the tortfeasor. See Home Indemn. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974). This case is not a "direct action" under § 1332(c)(1) because plaintiffs are suing their own insurer, not the insurer of a third-party tortfeasor. See State Farm Fire and Cas. Co. v. Carnnahan, No. 07-0761-CV-W-ODS, 2008 WL 205266, at *2 (W.D. Mo. Jan. 23, 2008); Antonacci v. State Farm Mut. Auto. Ins.

4

Co., No. 4:05-CV-2173-CAS, 2006 WL 568344, at *1 (E.D. Mo. Mar. 7, 2006). Thus, Safeco is not deemed to be a citizen of Missouri.

Plaintiffs' final argument in favor of remand is that the amount-in-controversy requirement is not met. They argue that because Woods' claim is for less than $75,000.00 the case must be remanded, despite the fact that on the face of the complaint Brown-Woods seeks over $200,000.00 in damages. In support of this argument they state: "[w]here the claims of the plaintiff's [sic] are 'separate and distinct' [ ] each plaintiff must 'satisfy the jurisdictional-amount requirement for suit in the federal courts.'" Doc. #9, p. 3 (quoting Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973)).

Plaintiffs' argument is not supported by good law. In Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005), the Supreme Court overruled Zahn and held that:

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

Id. at 549.

In this case, the parties are of diverse citizenship and Brown-Woods' claims allege a sufficient amount to confer diversity jurisdiction. The Court therefore has jurisdiction over Woods' claim if it is part of the same "case or controversy" as Brown-

Woods' claim. The Eighth Circuit Court of Appeals has explained that supplemental jurisdiction exists over state law claims where the federal and state claims in the case "derive from a common nucleus of operative fact" and are "such that [the plaintiffs] would ordinarily be expected to try them all in one proceeding." S. Council of Indus. Workers v. Ford, 83 F.3d 966, 969 (8th Cir. 1996) (internal quotation omitted). Here, plaintiffs' claims derive from a common nucleus of operative fact in that they both seek to recover under the same insurance policy for injuries arising out of a single car accident. Thus, Woods' claim is part of the same case or controversy as Brown-Woods' claim and, because Brown-Woods' claim exceeds the jurisdictional minimum amount-in-controversy, the Court can and will exercise supplemental jurisdiction over Woods' claim.

## Conclusion

Plaintiffs' arguments in favor of remand lack merit. The Court finds that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.00 with respect to Brown-Woods' claim, conferring diversity jurisdiction on the Court pursuant to § 1332. The Court further finds that it has supplemental jurisdiction over Woods' claim pursuant to § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #8] is denied.

Dated this ___30th___ day of June, 2010.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE